# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12 CR 41

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| NELSON RODRIGUEZ, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**THIS MATTER** is before the undersigned pursuant to a motion filed by the North Carolina Department of Revenue and its employees, Bob Ahern and Mary T. Sherrill-Benfield pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure. In the motion, the moving parties request the Court for an order "instructing them to comply with the subpoenas mailed to them by the United States in the above captioned matter or, in the alternative, quashing the subpoenas" (#14). The government has filed a response in opposition to the motion (#18) and this matter now ready for decision.

**Facts.** In an indictment filed on May 16, 2012 Defendant Nelson Rodriguez was charged with willfully attempting to evade the payment of income taxes in violation of 26 U.S.C. § 7201 and with mail fraud in violation of 18 U.S.C. § 1341. In the bill of indictment it is alleged that defendant devised a scheme to defraud the North Carolina Department of Revenue by submitting fraudulent

documents to the North Carolina Department of Revenue which purported to pay defendant's North Carolina tax indebtedness. (#1, ¶ 17-22) On June 15, 2012 Deputy Clerk of Court Tammy Gryder issued upon request of Assistant United States Attorney Jenny Sugar subpoenas for Mr. Bob Ahern, Criminal Investigator of the North Carolina Department of Revenue, and Mary T. Sherrill-Benfield, Revenue Agent of the North Carolina Department of Revenue subpoenaing Mr. Ahern and Ms. Sherrill-Benfield to appear and testify at the trial of defendant. (#14-1, #14-2) In the subpoenas, Mr. Ahern and Ms. Sherrill-Benfield were directed to produce records and books of account related to the financial transactions of defendant, including tax assessments, audits or calculations of tax and other documents and correspondence in the possession of the North Carolina Department of Revenue concerning defendant. Thereafter, the North Carolina Attorney General filed a Motion to Quash Subpoena (#14) on behalf of the North Carolina Department of Revenue, Mr. Ahern and Ms. Sherrill-Benfield citing Rule 17(c)(2) of the Federal Rules of Criminal Procedure. However, in the motion, the North Carolina Attorney General requested the court issue an order instructing the North Carolina Department of Revenue, Mr. Ahern and Ms. Sherrill-Benfield to comply with the subpoenas or, in the alternative, quash the subpoenas. The United States Attorney's Office responded in a document entitled "Response in Opposition to Motion to Quash Trial Subpoena and Motion to Compel"

(#18). The government requests that the motion to quash be denied and the Court issue an order directing the North Carolina Department of Revenue, Mr. Ahern and Ms. Sherrill-Benfield to comply with the subpoenas.

**Discussion.** Rule 17(c)(2) of the Federal Rules of Criminal Procedure states:

> **Quashing or Modifying the Subpoena**. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

In support of the motion to quash, the Attorney General cites N.C.G.S. § 105-259(b) as authority for the motion. However, in the motion, the Attorney General has misquoted the statute. The statute reads as follows:

> (b) **Disclosure Prohibited.** ----An officer, an employee, or an agent of the State who has access to tax information in the course of service to or employment by the State may not disclose the information to any other person except as provided in this subsection. Standards used or to be used for the selection of returns for examination and data used or to be used for determining the standards may not be disclosed for any purpose. All other tax information may be disclosed only if the disclosure is made for one of the following purposes:
>
> (1)     To comply with a court order, an administrative law judge's order in a contested tax case, or a law.

There are other purposes for which disclosure are listed in the statute that may be applicable, but it is clear that should the Court issue an order directing compliance then the North Carolina Department of Revenue, Mr. Ahern and Ms. Sherrill-Benfield will be required to comply without suffering any penalty.

An examination of the allegations contained in the indictment and the subpoenas for Mr. Ahern and Ms. Sherrill-Benfield show that compliance with the subpoenas would not be unreasonable or oppressive. The indictment makes specific allegations against defendant regarding the acts he allegedly committed to defraud the North Carolina Department of Revenue during the same period of time that defendant is alleged to have attempted to avoid payment of his federal income taxes. As a result, the state tax evidence is important evidence for the government to present in this case.

The subpoenas did not appear to be oppressive. The government has alleged in their brief that the North Carolina Department of Revenue has previously provided all relevant documents to the Internal Revenue Service which would be allowed, pursuant to N.C.G.S. § 105-259(b)(3)(15) or (15)(a). As set forth in the brief of the government: "The case law is clear that the failure to pay state income taxes is relevant evidence in federal income tax prosecution on the issue of willfulness." United States v. Oliver, 850 F.2d 693(6th Cir. 2988)  As a result of the foregoing, the undersigned will enter an order denying the motion to quash (#14) and allowing the government's motion to compel (#18).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the motion (#14) of the Attorney General of North Carolina on behalf of the North Carolina Department of Revenue and its employees Bob Ahern and Mary Sherrill-Benfield will be **DENIED** and the

motion (#18) of the government to compel will be **ALLOWED**. It is further ordered that Mr. Bob Ahern and Ms. Mary Sherrill-Benfield are hereby **ORDERED** and directed to comply with the subpoenas issued to them or other subpoenas issued to them consistent with and identical to the subpoenas set forth in documents #14-1 and #14-2 and to attend and present truthful testimony as directed by such subpoenas.

Signed: August 31, 2012

Dennis L. Howell
United States Magistrate Judge