# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12 cr 41

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| NELSON RODRIGUEZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the undersigned pursuant to a Renewed Motion to Modify Bond Conditions (#32) filed by counsel for Defendant. In the motion, Defendant alleges there has been a change of circumstances that has occurred since a previous Order was entered in this matter detaining Defendant. Defendant contends that the change of circumstances are as follows:

1. Defendant has signed a written plea agreement and will be entering a plea of guilty on November 26, 2012 and the terms of the plea agreement are such that Defendant would have no reason to flee the jurisdiction of the Court;

2. Secondly, Defendant contends that his father, who is age 90 years old, recently suffered a stroke and Defendant's father's health is poor and is not improving; and

3. That presentencing release would allow Defendant to take steps to

prevent his dental license from lapsing and secure employment so he can pay restitution in this case.

The government filed a Response in Opposition to Defendant's Renewed Motion to Modify Bond Conditions (#34). On November 26, 2012, the undersigned called this matter on for hearing after the completion of a Rule 11 proceeding with Defendant. Defendant was present with his counsel and the government was present and represented through Assistant United States Attorney Todd Kostyshak. From the evidence offered by Defendant, the records in this cause and the arguments of counsel for Defendant and the Assistant United States Attorney, the undersigned makes the following findings.

**Findings**. On May 16, 2012 Defendant was charged in a bill of indictment in count one of willfully attempting to evade the payment of income taxes in violation of 26 U.S.C. § 7201 and in count two with mail fraud in violation of 18 U.S.C. § 1341. The undersigned conducted a detention hearing for Defendant on May 30, 2012 and thereafter entered an Order detaining Defendant. On July 25, 2012 Defendant filed a Motion to Reconsider Detention Order and Request for Expedited Hearing (#19). After reviewing a response from the government (#24), the undersigned denied the motion to reconsider.

On September 19, 2012, a superseding bill of indictment (#27) was filed

presenting additional charges against Defendant. In the superseding bill of indictment Defendant was charged with six counts of willfully attempting to evade the assessment of income taxes and a final count of mail fraud in violation of 18 U.S.C. § 1341. On November 7, 2012 a plea agreement (#31) was filed which reflected that Defendant would enter a plea of guilty to count four as contained in the superseding bill of indictment, that being a charge of willfully attempting to evade the payment of income taxes and in exchange for the plea of guilty, and the government would move, at the appropriate time, to dismiss counts, one, two, three, five, six and seven of the superseding bill of indictment. On November 26, 2012, Defendant entered a plea of guilty to count four before the court (#35).

At the hearing of the motion, Defendant presented the following documents:

1) A letter from Defendant to the Court (#32-1, attachment A);

2) A letter from Dr. Vasanthi Chandrasekram concerning the health of Defendant's father (#32-2);

3) A letter from the brothers and sisters of Defendant to the Court (#32-3);

4) A letter from Defendant's sister to the Court (#D-1);

5) A letter from the State of Illinois Office of the Secretary of State concerning Defendant's drivers license (D-2);

6) A copy of the North Carolina State Board of Dental Examiners license (D-3);

7) An advertisement for Affordable Dentures job opportunities (D-4); and

8) A registration form for a seminar for Implant Seminars Implant Dentistry Education (D-5).

Defendant presented as a witness at the hearing Ms. Lisa Watson. Ms. Watson has had a relationship with Defendant for over thirteen years and has worked with him and, in fact, resided for a period of time with Defendant. Ms. Watson described Defendant as being a sixty-three year old dentist who, during his dental practice had been exposed, by a patient, to what is called the "patriot mythology." Defendant was advised by his patient, who was a certified public accountant, that if Defendant would follow the directions of the "patriot mythology" Defendant could legally not be required to pay United States or North Carolina income taxes. In her testimony, Ms. Watson described that Defendant now no longer subscribes to the beliefs of the "patriot mythology" and Defendant wishes to return to work and earn sums of money with which to pay restitution to the Internal Revenue Service that is owed in this case. Ms. Watson further testified that Defendant is a licensed dentist but to keep his license Defendant must procure additional training and he must complete his training before March 31, 2013 or he will lose his license to practice dentistry. In her testimony, Ms. Watson described that Defendant's plan, if he was released, would be as follows:

1) To immediately obtain his training to keep his dental license;

2) To get back to work; and

3) It was Defendant's plan to marry Ms. Watson.

Anita Rodriguez was also called as a witness for Defendant. Ms. Rodriguez is the sister of Defendant and she resides in Florida. Ms. Rodriguez described that present in the courtroom was Defendant's brother, and his nephew and wife, who all reside in Florida. Ms. Rodriguez described Defendant as being raised to be very respectful of the courts and that defendant would not flee if released. She described that Defendant's father had recently suffered a stroke and was very ill and his father desired to see Defendant as soon as possible.

The government did not present any evidence but did present both written and oral argument.

**Discussion**. 18 U.S.C. § 3143(a) provides as follows:

**Release or detention of a defendant pending sentence or appeal**

(a) **Release or detention pending sentence**. —(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not, recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

In the arguments that were presented, the government agreed that the release of Defendant would not pose a danger to the safety of any other person or the community. The government does argue that the release of Defendant would create a risk of flight on his part. Defendant contends that due to his age and the fact that he has now entered a plea of guilty and has agreed to pay restitution in this matter, he is not a person who is likely to flee.

After considering all the evidence in this matter the undersigned agrees with the position of Defendant. The Defendant has now entered a plea of guilty to one count of tax evasion. The maximum possibility penalty for that offense is a term of imprisonment of not more than five years', a fine not to exceed the sum of $100,000, or both. The terms of the plea agreement reflect that instead of being subject to a total potential terms of imprisonment of of 40 years, the maximum term of imprisonment to which Defendant could be subjected is now only five years. Indeed, Defendant has already served over six months of active incarceration to which he is entitled to credit.

In the plea agreement entered into between the government and Defendant, Defendant has agreed to pay restitution for taxes that he has not paid. For Defendant to be able to make payments of such restitution, Defendant will need to be employed. If Defendant is not released on terms and conditions of presentence release, Defendant will be unable to meet his continuing dental education requirements and would, in all

probability, lose his license to practice dentistry in the state of North Carolina.

Another factor that weighs in favor of releasing Defendant is the condition of Defendant's father. It appears from the documents presented that Defendant's father is ninety years old and has suffered a stroke which has left his left side weakened. Defendant and his family all desire that Defendant be allowed to travel to visit with his father. An additional factor that weighs in favor of releasing Defendant is that Defendant has acknowledged his faith and devotion to the "patriot mythology" was misplaced and he now entered a plea of guilty and acknowledged that he was in error in failing to pay his appropriate income taxes.

Based upon the foregoing, the undersigned finds by clear and convincing evidence that Defendant is not likely to flee and appropriate conditions can be imposed as provided by 18 U.S.C. § 3142(b) or (c) which would insure the presence of Defendant at sentencing.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Renewed Motion to Modify Bond Conditions (#32) will be **ALLOWED** and further proceedings will be scheduled to set terms and conditions of presentence release of Defendant.

Signed: November 30, 2012

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge